UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 7 |
| GBC FITNESS, INC. | ) Case No. 14-15926-FJB |
|  | ) |
| Debtor. | ) |
|  | ) |

NOTICE OF INTENDED PRIVATE SALE, DEADLINE FOR OBJECTIONS AND
COUNTEROFFERS, AND FINAL HEARING ON MOTION BY TRUSTEE FOR
AUTHORITY TO SELL PERSONAL PROPERTY BY PRIVATE SALE
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

PLEASE TAKE NOTICE that pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2), 6004, and in accordance with the *Motion By Chapter 7 Trustee For Authority To Sell Personal Property By Private Sale Free And Clear Of Liens, Claims, Interests And Encumbrances* ("Sale Motion"), Harold B. Murphy, the duly appointed trustee (the "Trustee") of GBC Fitness, Inc. (the "Debtor"), intends to sell all of the Debtor's right, title and interest in certain personal property (the "Assets") located at the Debtor's former business premises, Unit #2 and Unit #3, 26 Newburyport Turnpike, Forest Ridge, Rowley, MA (the "Premises") to Gateway Realty Trust or its nominee ("Purchaser") for the purchase price ("Purchase Price") consisting of (i) the amount of Thirty Three Thousand Dollars and 00/100 ($33,000) in cash; and (ii) a waiver (the "Waiver") of any and all claims against the Estate arising from use and occupancy of the Debtor's former business premises on and after the Petition Date, as consideration of the sale and transfer of the Assets. The Trustee estimates that the Waiver has a value of approximately $20,000. The terms of the sale are described below, and are more particularly set forth in the Sale Motion and the asset purchase agreement ("Sale Agreement") attached to the Sale Motion. Copies of the Sale Motion and the Sale Agreement are available from counsel to the Trustee upon request.and at no cost. The Assets are particularly described in the Sale Agreement, and include Nautilus cardio equip., Nautilus strength equip., free weights, benches, attachments and misc. equip., a security system and misc. office equip.    I.    **TERMS OF THE SALE**

1.    The Trustee seeks Court approval to convey the Assets to the Purchaser, or to the nominee designated by the Purchaser.

2.    The Trustee intends to sell the Assets free and clear of liens, claims, encumbrances and interests. Pursuant to the Sale Agreement, the Assets are to be sold in "as is" and "where is" condition. Further, the Trustee makes no representations or warranties whatsoever, either express or implied, with respect to the Assets.

3.    In accordance with the terms of the Sale Agreement, the Purchaser shall provide consideration to the Trustee for the Assets on or before the closing date ("Closing Date"), in the amount of Thirty Three Thousand Dollars $33,000 in cash plus the Waiver which shall be provided as follows:

(i)   $7,500 paid as deposit with the execution of the Sale Agreement;

(ii)  $25,500 to be paid at the time of delivery of the bill of sale; and

.(iii) Waiver of all post-petition use and occupancy claims to be effective upon the closing with the Purchaser.

## II. THE ASSETS SHALL BE SOLD FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

4. Pursuant to 11 U.S.C. § 363(f), the Sale Motion and the Sale Agreement, the Assets are to be sold to the Purchaser free and clear of liens, claims, interests and encumbrances whatsoever, known or unknown, including without limitation those noted in the Sale Motion.

5. All valid liens, claims or encumbrances shall attach to the proceeds of the sale of the Assets. The validity and enforceability of any contested lien shall be determined by the Bankruptcy Court after due notice and hearing.

6. The Trustee has requested that the Bankruptcy Court determine, at the Sale Hearing (as defined below), that the successful bidder or bidders of the Assets be deemed to be "good faith" purchaser(s) providing to the Trustee consideration for the Assets which constitutes payment of "value" pursuant to Section 363(m) of the Bankruptcy Code.

## III. DEADLINES FOR COUNTEROFFERS, OBJECTIONS TO THE SALE MOTION AND HEARING THEREON

7. A HEARING ON THE SALE MOTION, ANY OBJECTIONS THERETO AND ANY COUNTEROFFERS FOR THE ASSETS, ARE SCHEDULED TO TAKE PLACE ON April 28, 2015 at 10:00 a.m. , 2015 at       .m. ("SALE HEARING") BEFORE THE HONORABLE FRANK J. BAILEY, UNITED STATES BANKRUPTCY JUDGE, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109-3945 ("COURT"). ANY PARTY WHO HAS FILED AN OBJECTION TO THE SALE MOTION OR COUNTEROFFER FOR THE PURCHASE OF THE ASSETS IS EXPECTED TO BE PRESENT AT THE SALE HEARING, FAILING WHICH THE OBJECTION MAY BE OVERRULED OR THE COUNTEROFFER STRICKEN. IF NO OBJECTION TO THE SALE MOTION OR COUNTEROFFER IS TIMELY FILED, THE COURT, IN ITS DISCRETION, MAY CANCEL THE SALE HEARING AND APPROVE THE SALE MOTION.

8. Any objection to the Sale Motion must be in writing and filed with the Clerk, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109-3945 on or before April 21, 2015 at 4:30 p.m. , 2015 at _____ ("Objection Deadline"). A copy of any objection must be also served upon undersigned counsel to the Trustee so as to be received on or before the Objection Deadline. Any objection must state with particularity the grounds for the objection and the interest that the objecting party has in these proceedings, and shall be governed by Fed. R. Bankr. P. 9014.

## IV. COUNTEROFFER PROCEDURES

9. THROUGH THIS NOTICE, THE TRUSTEE HEREBY SOLICITS COUNTEROFFERS FOR THE ASSETS. Any and all counteroffers must be in an amount not less than $55,650. All counteroffers must be accompanied by a cash deposit equal to ~~twenty-five~~ $7,500 ~~percent (25%) of the purchase price set forth in any counteroffer~~ in the form of a certified or bank check, or cash, made payable to the Trustee (the "Deposit") and delivered to counsel to the Trustee on or before April 21, 2015 at 4:30 p.m.    , 2015 at         (the "Counteroffer Deadline").

10. Any counteroffer must be filed with the Clerk, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109-3945 on or before the Counteroffer Deadline.

11. Counteroffers must include an executed asset purchase agreement upon terms substantially consistent or more favorable than the terms of the Sale Agreement. Counteroffers shall not be subject to further due diligence, may not contain any other conditions precedent to the consummation of the sale other than those provided in the Sale Agreement, and must state that the competing bidder is prepared to consummate the purchase of the Assets within the same time period provided by the Sale Agreement.

12. In the event of a timely counteroffer, each interested bidder shall have an opportunity to participate in an auction for the Assets at the Sale Hearing.

13. Only persons that have submitted a timely qualified counteroffer and the Purchaser may participate in any auction for the Assets.

14. In order to participate in the Sale Hearing, the party submitting the counteroffer shall: (a) comply with all relevant bid procedures; and (b) be prepared to demonstrate to the Trustee its ability to consummate the purchase of the Assets and fulfill its obligations.

15. At the Sale Hearing, the Court may 1) consider any requests to strike a higher offer; 2) determine further terms and conditions of the sale; 3) determine the requirements for further competitive bidding; and 4) require one or more rounds of sealed bids or open bids from the original offeror and any other qualifying bidder.

16. The Court may take evidence at any hearing on approval of the sale to resolve issues of fact.

17. If a competing bid is accepted by the Trustee and approved by the Bankruptcy Court, the Deposit shall be applied towards the Purchase Price, or if the competing bid is not accepted, the Deposit shall be refunded in full to the competing bidder after the Sale Hearing unless the Competing Bidder has breached or violated the terms of the Sale Agreement or the Sale Motion. Bidding at any auction for the Assets shall be conducted by sealed bids or by competitive bidding at the sole discretion of the Trustee and subject to the approval of the Court. The Purchaser shall be entitled to improve its offer at any auction for the Assets.

## V.     SALE CLOSING

18.    The Deposit will be forfeited to the estate if the highest bidder fails to complete the sale by the date ordered by the Court. The Trustee has requested that, if the sale is not completed by the highest bidder, the Court approve the sale of the Assets to the next highest bidder.

19.    You may receive a complete copy of the Sale Motion at the address set forth below. Any questions concerning the Sale Motion should be addressed to the undersigned.

                                                    HAROLD B. MURPHY,
                                                   CHAPTER 7 TRUSTEE OF
                                                   GBC FITNESS, INC.
                                                   By his counsel:

                                                   /s/ Kathleen R. Cruickshank
                                                 Kathleen R. Cruickshank (BBO# 550675)
                                                 Murphy & King, Professional Corporation
                                                 One Beacon Street
                                                 Boston, MA 02108
                                                 (617) 423-0400 (telephone)
                                                 (671) 423-0498 (facsimile)
                                                 KCruickshank@murphyking.com

DATED: _____, 2015
683567